FILED

2012 DEC 27  PM 4: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___MQ_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD K. BUCKLEY, | CASE NO. 11cv1402-W(KSC) |
| Plaintiff, | **REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | [Doc. Nos. 19 & 20] |

Plaintiff Brad K. Buckley brings this action under the Social Security Act, 42 U.S.C. § 1382(c), seeking judicial review of defendant Social Security Administration Commissioner's final decision denying his claim for Supplemental Security Income (SSI). This case was referred for a report and recommendation on the parties' cross Motions for Summary Judgment. *See* 28 U.S.C. § 636(b)(1)(B). After considering the moving papers, the administrative record, and the applicable law, the Court **RECOMMENDS** that plaintiff's Motion for Summary Judgment [Doc. No. 19] be **DENIED** and defendant's Cross Motion for Summary Judgment [Doc. No. 20] be **GRANTED**.

## PROCEDURAL HISTORY

Plaintiff filed an application for SSI on June 19, 2008, alleging disability due to a seizure disorder, arthritis, and chronic back pain. [Administrative Record (AR) at 14, 87.] Plaintiff alleged the date of onset of his disability was June 11, 2000. [AR at 10.] Defendant denied plaintiff's application

1   for benefits at both the initial and reconsideration levels. *Id.* An Administrative Law Judge (ALJ) held

2   a hearing on December 1, 2009. *Id.* Both plaintiff and vocational expert Alan Cummings attended the

3   hearing. [AR at 28, 209.] The ALJ noted that, although SSI was only available as of the month

4   following the filing of plaintiff's application, she considered the complete medical history offered by

5   plaintiff. [AR at 10.] Based on the testimony and documentary evidence, on December 23, 2009, the

6   ALJ issued a decision denying plaintiff's application for benefits. [AR at 7.] Plaintiff filed an

7   administrative appeal, but the Appeals Council declined to review the ALJ's decision. [AR at 3-6.]

8

## RELEVANT FACTS

9   **Background**

10       Plaintiff was born on February 4, 1958. [AR at 83.] He completed high school, has

11   approximately two years of college education, and is able to communicate in English. [AR at 155,

12   159.] Plaintiff was injured many years ago in an automobile accident which resulted in a seizure

13   disorder. [AR at 34.] Although the seizures did stop for a period of time, they recurred many years ago

14   and continue to this day. *Id.* Plaintiff indicates he is unable to obtain a valid drivers license due to his

15   seizure diagnosis. *Id.*

16   **Medical Evidence**

17   **A.**    **Patricia M. Chu, M.D., Primary Treating Physician (2005 - 2007)**

18       Plaintiff was treated by Dr. Chu at various times from 2005 to 2007. [AR at 15, 214-229.]

19   Although plaintiff complained of some generalized pain in 2005, Dr. Chu's physical examination of

20   plaintiff was unremarkable, with few abnormal findings. [AR at 15, 219.] Dr. Chu noted that plaintiff

21   suffered from a seizure disorder, which was controlled by medication, and no seizures had occurred

22   in the last year. *Id.* Plaintiff was examined again by Dr. Chu in March 2006 and reported no

23   additional seizures in the last two years, despite plaintiff's refusal to take the recommended dosage

24   of his medication on a regular basis. [AR at 15, 218.] Dr. Chu saw plaintiff one additional time in 2007

25   and again reported no acute distress or impairments, other than some knee pain and the seizure

26   disorder (which could be managed by medication). [AR at 214.]

27   **B.**    **Jaga Nath Glassman, M.D., Psychiatrist, State Consultative Examiner (2008)**

28       Dr. Glassman performed a psychiatric consultation of plaintiff on August 15, 2008. Plaintiff's

1   mental status examination revealed him to be free from severe mental impairment. [AR at 16, 234.]

2   Dr. Glassman noted that plaintiff reported that he stopped working because he was assisting his ill

3   mother. [AR at 233.] Dr. Glassman found plaintiff capable of behaving in a socially appropriate

4   manner; following simple and complex instructions; and maintaining concentration, persistence, and

5   placement for at least simple work. [AR at 19, 234.] Dr. Glassman noted that plaintiff indicated he

6   could probably do some type of simple job. [AR at 235.]

7   **C.      S. Khan, M.D., State Psychiatric Consultant (2008)**

8          On August 28, 2008, Dr. Khan conducted a psychiatric review and found that the objective

9   medical evidence supported a finding that plaintiff had a medically determinable affective disorder,

10  an anxiety-related disorder, a personality disorder, and a substance addiction disorder. [AR 19, 238-

11  248.] Plaintiff was found to have no episodes of decompensation and no limitations in maintaining

12  social functioning, concentration, persistence, or pace. *Id.* Dr. Khan concluded that the evidence did

13  not establish the presence of the "C" criteria.[1] *Id.*

14  **D.      Jamshid Tamiry, M.D., State Consultative Examiner (2008)**

15         On September 12, 2008, Dr. Tamiry examined plaintiff and found "no significant objective

16  findings to support a more restrictive residual functional capacity." [AR at 16.] While Dr. Tamiry

17  diagnosed plaintiff with degenerative disc disease and seizure disorder, he observed that the

18  "subjective complaints outweighed the objective findings." [AR at 16, 259.]

19  **E.      F. Kalmar, M.D., State Consultant (2008)**

20         Dr. Kalmar performed a physical residual functional capacity assessment on September 22,

21  2008 and reported that plaintiff could physically perform the following: lift and carry twenty pounds

22  _____

23  [1] "C" listings refer to the existence of an extremely severe mental condition. In assessing the
    "C" Criteria of the Listings, the ALJ reviews the psychiatric evidence to see if the claimant has a

24  medically documented history of a chronic organic mental (12.02), schizophrenic, etc. (12.03), or
    affective (12.04) disorder of at least 2 years' duration that has caused more than a minimal limitation

25  of ability to do any basic work activity, with symptoms or signs currently attenuated by medication or
    psycho-social support, and one of the following: (1) repeated episodes of decompression, each of

26  extended duration; (2) a residual disease process that has resulted in such marginal adjustment that
    even a minimal increase in mental demands or change in the environment would be predicted to cause

27  the individual to decompensate, or (3) current history of 1 or more years' inability to function outside
    a highly supportive living arrangement with an indication of continued need for such an arrangement

28  or the complete inability to function independently outside the area of one's home. *See* "Psychiatric
    Review Technique," AR at 247.

1  occasionally and ten pounds frequently; stand and walk about six hours in an eight hour work day;

2  unlimited pushing and pulling, other than that required in the lifting and carrying limitations; and

3  occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. [AR 18-19, 265-266.]

4  Dr. Kalmar determined that plaintiff could never climb ladders, ropes, or scaffolds. *Id.* Dr. Kalmar

5  found that plaintiff needed to avoid concentrated exposure to extreme cold, heat, wetness, vibration,

6  and hazards. [AR at 265-266.] Dr. Kalmar concluded that plaintiff is capable of performing light

7  exertion. [AR 18-19, 265-266.]

8  **F.      J. Hartman, M.D., State Consultant (2008)**

9          On December 3, 2008, Dr. Hartman reviewed the relevant medical records and found that the

10  prior decision of light work residual functional capacity was appropriate. [AR 18, 296.]

11  **G.      D. Williams, M.D., State Psychiatric Consultant (2008)**

12          On December 3, 2008, Dr. Williams conducted a review of the objective medical evidence

13  and found that plaintiff had a medically determinable adjustment disorder with mixed emotional

14  features. [AR at 19, 289-91.] He further concluded that plaintiff had no limitations in daily living

15  activities or maintaining social functioning, mild difficulties in maintaining concentration, persistence,

16  or pace, and no episodes of decompensation. *Id.* Dr. Williams also concluded that the evidence did

17  not establish the presence of the "C" criteria. *Id.*

18  **H.      Paul Hazelbaker, M.D. Treating Physician (2009)**

19          On June 3, 2009, Dr. Hazelbaker saw plaintiff for a refill of his seizure medication, Tegretol,

20  as he was unable to get refills from the previous clinic. [AR at 15, 305.] Dr. Hazelbaker's examination

21  revealed the continued presence of a seizure disorder, chronic back pain, and substance abuse. *Id.*

22                          **ALJ HEARING AND DECISION**

23  **Plaintiff's Testimony**

24          At the December 1, 2009 hearing, plaintiff stated he could not work due to several health

25  issues. [AR at 33.] Plaintiff stated that he suffers from a seizure disorder which requires daily

26  medication, and takes Tegretol daily to manage his seizures, although it makes him "drowsy and kind

27  of dreary." *Id.* Regarding his medication, plaintiff acknowledged that he sometimes fails to take the

28  proper amount or fails to take it altogether. [AR 17, 35.] He further reported that he suffers from

1   chronic back pain and arthritis, which lead to burning in his feet and heels making it difficult and

2   painful to move. [AR at 33.] He also occasionally takes Tramadol for general pain on an as-needed

3   basis. [AR at 36.]

4          Plaintiff testified that he lives alone and until recently supported himself with a small

5   inheritance. [AR at 37.] Further, he indicated that he often walks around town for pleasure. [AR at 39.]

6   In response to questioning from the ALJ, plaintiff acknowledged that he continues to drink on a regular

7   basis despite medical recommendations to seek help for substance abuse. [AR at 38.]

8   **The Written Decision**

9          On December 23, 2009, the ALJ issued a written opinion denying plaintiff's claim for SSI.

10  [AR at 10-22.] In so doing, the ALJ found plaintiff suffered from both a seizure disorder and substance

11  abuse, both of qualifying as "severe" impairments as defined in the Regulations. [AR at 12.] Regarding

12  plaintiff's other stated conditions, including chronic back pain and arthritis, the ALJ found there to be

13  insufficient medical evidence to establish them as severe impairments. *Id.* In addition, plaintiff was

14  not found to have an impairment, or combination thereof, that met or equaled an impairment listed

15  under 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. [AR at 13.]

16         The ALJ concluded that while plaintiff could not perform his past relevant work, he had a

17  residual functional capacity to perform light work as defined in § 416.967(b), with some exceptions.

18  [AR at 14-15.] Plaintiff is limited to performing simple work in a nonpublic setting with minimal

19  contact with others and the installation of seizure precautions in the workplace. *Id.* With these

20  findings, plaintiff was declared "not disabled" under the Social Security Act since June 11, 2000 (the

21  date the application was filed). [AR at 22.]

22         Further, plaintiff's allegations of the limiting effects of his symptoms were deemed not

23  credible "to the extent they are inconsistent with the [] residual functional capacity assessment." [AR

24  at 15.] The ALJ found the objective medical evidence to be "inconsistent with the allegations of

25  disabling seizures or arthritis." *Id.* In reaching this conclusion, the ALJ cited plaintiff's medical

26  history, as follows:

27  / / /

28  / / /

1

> First, Dr. Chu opined in 2005 that the plaintiff had an unremarkable physical examination and reported no seizures in the last year. Second, Dr. Chu saw the plaintiff again in 2007 and he reported no additional seizures. Dr. Chu further indicated no significant changes in the plaintiff's overall condition at that time. Third, Dr. Hazelbaker saw the plaintiff on June 3, 2009 and indicated no significant change in his physical condition.

2

3

4

*Id.*

5

## LEGAL STANDARD

6

### Evaluating Supplemental Security Income Claims

7

To qualify for SSI benefits under the SSA, an applicant must show that he or she is unable to engage in any substantial gainful activity because of a medically determinable physical or mental impairment, or combination of impairments, that can be expected to result in death or that has lasted (or can be expected to last) for a continuous period of at least 12 months. 42 U.S.C. § 1382 (2012). The Social Security Regulations set out a five-step process for determining whether a person is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(a); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If a party is found to be "disabled" or "not disabled" at any step in the sequence, there is no need to consider subsequent steps. 20 C.F.R. § 416.920.

First, the ALJ must determine whether the applicant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). If not, then the ALJ must determine whether the applicant is suffering from a "severe" impairment within the meaning of the regulations. 20 C.F.R. § 416.920(a)(4)(ii). If the impairment is severe, the ALJ must then determine whether it meets or equals one of the "Listing of Impairments" in the Regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the applicant's impairment meets or equals a Listing, the ALJ must then determine whether the applicant retains the residual functional capacity to perform his or her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the applicant cannot perform past relevant work, the ALJ–at step five–must consider whether the applicant can perform any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v).

While the applicant carries the burden of proving eligibility at steps one through four, the burden at step five rests on the agency. *Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003). Applicants not disqualified at step five are eligible for disability benefits. *Id.*

/ / /

/ / /

1  **Substantial Evidence**

2        The SSA provides for judicial review of a final agency decision denying a claim for disability

3  benefits. 42. U.S.C. § 405(g). A reviewing court must affirm the denial of benefits if the agency's

4  decision is supported by substantial evidence and applies the correct legal standards. *Benton v.*

5  *Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). Substantial evidence means "such relevant evidence

6  as a reasonable mind might accept as adequate to support a conclusion." *Osenbrock v. Apfel*, 240 F.3d

7  1157, 1162 (9th Cir. 2001). When the evidence is susceptible to more than one reasonable

8  interpretation, the agency's otherwise reasonable decision must be upheld. *Batson v. Comm'r of the*

9  *Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

10  **Credibility**

11        In deciding whether to credit a party's testimony about subjective symptoms or limitations,

12  the ALJ must engage in a two-step analysis. *Id.* at 1195; *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th

13  Cir. 1996). Under the first step, the party must produce objective medical evidence of an underlying

14  impairment that could reasonably be expected to produce pain or other symptoms. *Batson*, 359 F.3d

15  at 1195; *Smolen*, 80 3.d at 1281. If this test is satisfied, and there is no affirmative defense that the

16  party is malingering, then the ALJ must determine the credibility of the party's subjective complaints.

17  *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

18        In assessing the credibility of a party's subjective complaints, the ALJ may consider such

19  factors as the party's reputation for truthfulness, daily activities, and any inconsistencies in the

20  statements. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Smolen*, 80 F.3d at 1284.

21  The ALJ must not disregard a party's testimony about the severity of pain solely due to a lack of

22  substantiation by objective medical evidence. *See Robbins*, 466 F.3d at 883. However, Congress

23  expressly prohibits granting disability benefits based solely on a party's subjective complaints.

24  42 U.S.C. § 423(d)(5)(A). ("An individual's statement as to pain or other symptoms shall not alone

25  be conclusive evidence of disability.") An ALJ's credibility finding must be properly supported by the

26  record and sufficiently specific to ensure a reviewing court that he or she did not "arbitrarily discredit"

27  a party's subjective testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

28  / / /

1

## DISCUSSION

2          Plaintiff argues there was no substantial evidence to support the ALJ's decision, particularly

3    the ALJ's rejection of his testimony regarding the functional limitations that resulted from his

4    symptoms, which was inconsistent with the medical records.  The Court disagrees.  In this case, the

5    ALJ methodically evaluated the claim and provided clear and convincing reasons for rejecting

6    plaintiff's testimony of limitations. The specific reasons cited by the ALJ are supported in the record.

7          With respect to her reasons for discrediting plaintiff's testimony, the ALJ found that his

8    seizures were being well-controlled with medication, he was living an apparently physically active life,

9    and no examiner or treating physician found him unable to work. [AR at 17.] The ALJ further noted

10   that although plaintiff claimed severe pain with any movement, he reported walking around the

11   community for enjoyment and to pass the time. [AR at 39.] As the ALJ noted, the following facts

12   called into question whether plaintiff's decision to stop working was related to his physical

13   impairments: plaintiff "had no reported earnings since 1995;" he had initially stopped working to assist

14   an ill parent; and he was less than fully cooperative with medical examiners. [AR at 17-18.] *See Light*,

15   119 F.3d at 792 (considering a "spotty" employment record as evidence of little propensity to work).

16   Lastly, despite medical recommendations that he abstain from alcohol, plaintiff continued his

17   substance abuse during the period of adjudication. [AR at 18.]

18         The ALJ's comprehensive discussion of the entire record, including her analysis of the

19   reasons plaintiff provided in support of his position, demonstrates that the ALJ considered the

20   record as a whole.  *See Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984)(in determining

21   existence of substantial evidence a reviewing court must consider both evidence that supports and

22   detracts from ALJ's conclusion). Further, the ALJ provided clear and convincing reasons for

23   rejecting a portion of plaintiff's testimony.  Since evidence in the record supports the ALJ's

24   decision, the Court will not second-guess that decision. *See Thomas*, 278 F.3d at 604.

25

## CONCLUSION

26         For all these reasons, the Court **FINDS** substantial evidence supports the ALJ's decision

27   because she relied on relevant, documented medical evidence that a reasonable person would

28   accept as adequate in finding plaintiff's claims of subjective symptoms not credible.  This

substantial evidence supports the ALJ's finding that plaintiff was not totally disabled, and that he was not under a "disability" as defined in the SSA.

Therefore, the Court **RECOMMENDS** that plaintiff's Motion for Summary Judgment [Doc. No. 19] be **DENIED,** and that defendant's Cross Motion for Summary Judgment [Doc. No. 20] be **GRANTED**.

This Report and Recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before **February 1, 2013**.  The document should be captioned "Objections to Report and Recommendation."  Any response to the objections shall be filed and served on or before **February 15, 2013**.  Failure to file objections within the specified time may affect the scope of review on appeal.  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:   December 27, 2012

KAREN S. CRAWFORD
United States Magistrate Judge

- 9 -

11cv1402-W(KSC)